**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                    No. 00-4020

BRIAN E. GERDTS,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-24, CR-99-36)

Submitted: December 29, 2000

Decided: January 11, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. Melvin W. Kahle, Jr., United States Attorney, Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Brian E. Gerdts robbed three post offices, two in West Virginia and one in New Jersey. He pled guilty to two counts of using a firearm in a crime of violence, *see* 18 U.S.C.A. § 924(c) (West 2000), and to an information charging that he aided and abetted the armed robbery of a United States post office, in violation of 18 U.S.C.A. § 2114 (West 2000), and 18 U.S.C. § 2 (1994).* Gerdts was sentenced to consecutive terms of five years, twenty years, and 175 months imprisonment, and five years of supervised release. On appeal, he challenges the district court's finding that he had an aggravated role in the robberies, which resulted in a two-level adjustment under *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (1998). We affirm.

At his sentencing, Gerdts alleged that he and his girlfriend had worked together as equals to rob the post offices. However, the postal inspector who investigated the robberies testified that, when he interviewed Gerdts just after his arrest, Gerdts told him he was the leader in the offense. He also testified that Gerdts, by himself, robbed a fourth post office at night, without telling his girlfriend, although he was not able to obtain anything of value. Finally, the agent testified that it was Gerdts who chose which post offices would be robbed and that it was Gerdts who carried a gun during the robberies. Gerdts had an extensive criminal record, while his girlfriend had no prior convictions. The district court decided that Gerdts had played the more active role and that, without his criminal experience, the robberies would not have been as successfully planned and executed. On that

---

*The information charging the armed robbery was transferred from the District of New Jersey. The information charged that Gerdts placed the postal employee's life in jeopardy by the use of a dangerous weapon, namely, a handgun. Gerdts stipulatd in his plea agreement that he used a firearm in this robbery.

basis, the court found that the role adjustment was warranted. We review the district court's determination for clear error. *See United States v. France*, 164 F.3d 203, 209 (4th Cir. 1998) (providing standard), *cert. denied*, 527 U.S. 1010 (1999). We cannot find that the court clearly erred in making the role adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*